UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21 CR 385 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| IVOREE TINSLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court upon Defendant Ivoree Tinsley's Motion challenging the constitutionality of 18 U.S.C. §922(g)(1) and 924 (a)(2), and seeking to vacate his conviction sentence for being a Felon in Possession of a Firearm and Ammunition. A Motion to Vacate, Set Aside or Correct Sentence in Accordance With Title 28 U.S.C. §2255 is the means by which a person in custody can seek a determination that their conviction/sentence violates the United States Constitution. Rule 1(a) of the Rules Governing Section 2255 Procedings. Although the filing is not captioned as a motion under § 2255, Defendant seeks such a determination. Therefore, the Court construes the motion as a request to Vacate, Set Aside or Correct Sentence In Accordance With Title 28 U.S.C. § 2255.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C.

§2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27 (1962). In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted); *see also, United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). The burden is on the petitioner to prove his constitutional rights were denied or infringed by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

Rule 4 allows the Court to do an initial review of a motion under § 2255 motion, and to determine whether a response from the government is required. In this case, the Court finds that no additional information is necessary. The files and records of the case, conclusively show that the petitioner is entitled to no relief, therefore, the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

Mr. Tinsley voluntarily and knowingly waived his right to appeal, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. §2255 as part of his written plea agreement, with certain exceptions. (ECF #33,

PageId 81). None of the exceptions apply to the arguments raised in the current motion. Further, Mr. Tinsley's only argument is that one of the statutes under which he was convicted is unconstitutional. The felon in possession laws have long been upheld as constitutional in this country. The United States Supreme Court has remained steadfast in its assurances that nothing in recent opinions, including its recent opinions limiting the available justifications for gun legislation, "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." District of Columbia v. Heller, 554 U.S. 570, 626 (2008); see also, *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010). *Bruen* also reaffirmed that the constitutional right to bear arms remains "subject to certain reasonable, well-defined restrictions." 142 S. Ct. at 2156. The plurality of Justices indicated their belief that one of these reasonable, well-defined restrictions was the prohibition against felons being in possession of guns or ammunition.

Although there has recently been a split between Circuits, only the Third Circuit has found the statute to be unconstitutional, and only as applied to the circumstances in that case, which involved a defendant whose prior felony was for making a false statement to obtain food stamp fraud, a non-violent crime. The qualifying crime in that case was a state crime that was actually a misdemeanor in Pennsylvania. It counted under the federal felon in possession law because it carried a potential penalty of up to five years. The defendant in that case was sentenced to only three years probation. *Range v. Attorney General United States*, No. 21-2835 (3d Cir. June 6, 2023). *Range* would not apply to invalidate the felon in possession law as applied to the Defendant in this case. Mr. Tinsley's prior felonies involved armed burglary and drug distribution. Four days before the *Range* opinion was issued, the Eighth Circuit had affirmed the constitutionality of the statute as applied to all offenders. *United States v. Edell Jackson*, No. 22-2870 (8th Cir. June 2, 2023). Both of these cases relied on the United States Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Even if he had not waived his right to collateral

review, there is no basis upon which to find that the felon in possession statute is unconstitutional as applied to Mr. Tersley.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion under 28 U.S.C. § 2255 is DENIED. (ECF # 57).  Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no discovery or evidentiary hearing is required to resolve the pending Motion.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATE: October 6, 2023